BENJAMIN BOYES

v.

JOHN VAN WERT.

*Nuisances — Obstruction of Alley — Practice — Supplemental Bill — Abatement.*

1.  The propriety of filing a supplemental bill can not be primarily raised herein, where the defendant in the trial court treated it as a proper proceeding. and answered the same on its merits, and went to trial.

2.  This court holds as erroneous the dismissal of the supplemental bill in the case presented, the same charging defendant with maintaining a nuisance in permitting an outhouse to remain in a certain alley, abatement thereof being requested.

[Opinion filed December 8, 1890.]

IN ERROR to the Circuit Court of Kane County; the Hon. ISAAC G. WILSON, Judge, presiding.

Messrs. W. J. BROWN and CHARLES WHEATON, for plaintiff in error.

Messrs. BOTSFORD & WAYNE, for defendant in error.

C. B. SMITH, P. J.   This was a bill filed on behalf of plaintiff in error to enjoin defendant in error from making an improper use of and obstructing a certain alley which runs between the premises of plaintiff and defendant.   Both parties had improved their premises up to and adjoining the alley, and each needed the use of the alley in approaching and using their buildings, abutting the alley.

Defendant in error erected a privy in this alley to and adjacent to the line of plaintiff's premises in such manner as to interfere with plaintiff's rightful and lawful use of the alley and so as to obstruct the free and easy approach to his buildings abutting the alley.   Upon the hearing of the original bill the court found the alley to exist and declared the rights of the parties mentioned, but declined to require defendant to remove the building in question.   A supplemental bill was filed charging defendant with maintaining a nuisance in permitting the privy to remain and asking the court to abate it.   The defendant answered this supplemental bill, and a trial was had on the merits.   Upon the hearing the court dismissed the supplemental bill.   The plaintiff in error now brings the record before us and assigns the action of the court in dismissing his supplemental bill as error.   We think this error is well assigned.

An examination of the evidence, we think, clearly establishes the fact that this privy was a nuisance to the plaintiff's property, and a grossly improper use of this alley by defendant in error, and it should have been abated by the court, and refusing to do so was error. The defendant in error raises a question of practice as to the propriety of filing a supplemental bill.

Whether or not this was correct practice we will not now determine. The defendant treated it as a proper proceeding and answered the bill on its merits, and went to trial, and it is now too late to raise the question for the first time in this court.

The decree of the court will be reversed and the cause remanded with directions to the court to grant the prayer of the supplemental bill at the costs of the defendant in error.

*Reversed and remanded.*